# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

DOMINGO VALENTINO TURNER,  :

    Petitioner,  :  Civil Action No. 10-0413-CG-C

v.  :  Criminal No. 05-0105-CG-C

UNITED STATES OF AMERICA,  :

    Respondent.  :

## REPORT AND RECOMMENDATION

This matter is before the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rule Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255, Rule 8(b), on the motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Domingo Valentino Turner, a federal prison inmate proceeding *pro se*, on July 30, 2010 (Doc. 163); the United States' response in opposition thereto (Doc. 167), filed September 17, 2010; Petitioner's reply thereto (Doc. 168), filed October 15, 2010; and Petitioner's objections (Doc. 170) to the Report and Recommendation entered November 9, 2010 (Doc. 169), filed November 24, 2010. It is recommended that Turner's § 2255 motion be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f).

## PROCEDURAL BACKGROUND

The undersigned entered an initial Report and Recommendation on November 9, 2010, recommending that the § 2255 motion be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f). (Doc. 169.) Petitioner timely objected to the Report and Recommendation on November 24, 2010 (Doc. 170). *See* FED. R. CIV. P. 72(b)(2); 28

U.S.C. foll. § 2255, Rule 8(b).  The District Judge returned this matter to the undersigned with instructions to expressly consider the Petitioner's argument concerning the timeliness of his § 2255 petition on the ground of the alleged breach of the plea agreement.  *See* FED. R. CIV. P. 72(b)(3).

## FINDINGS OF FACT

1.    On March 16, 2006, Turner entered a counseled guilty plea to Counts 2 and 3 of the Third Superseding Indictment (Doc. 62), charging the offenses of conspiracy to possess with intent to distribute crack cocaine in violation of Title 21, U.S.C. § 846, and conspiracy to launder drug money, in violation of Title 18, U.S.C. § 1956(h), respectively.  (*Compare* Doc. 83, Order on Guilty Plea, *with* Doc. 62.)  Turner was sentenced on June 14, 2006 to concurrent terms of 138 months imprisonment.  (*See* Docket Sheet, Minute Entry for June 14, 2006.)  Judgment was entered by the Court on July 27, 2006.  (Doc. 110.)  Turner did not directly appeal his conviction or sentence.

2.    Paragraph 20 of the Plea Agreement (Doc. 82) provides: "In addition, the defendant reserves the right to petition the Court for resentencing pursuant to 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the defendant's sentence."

3.    Turner moved, pursuant to 18 U.S.C. § 3582(c)(2), for retroactive application of the crack cocaine sentencing guidelines on November 25, 2008.  (Doc. 139.)

4.    On December 12, 2008, the Court ordered the parties to show cause why Turner should not be granted a two-level reduction in his base offense as to Court Two:

After review of the motion and all relevant factors prescribed by § 1B1.10 and Application Note 1(B) to same, the court has determined that a reduction of sentence on Count Two based on the amended guideline range may be appropriate in this case. Defendant's original guideline range was 262 to 327 months, and the court imposed sentence of 138 months on each of counts Two and Three after a motion for downward departure for substantial assistance was filed. This sentence was approximately 47.5% off of the low end of the calculated guideline range. According to the revised guidelines calculation prepared by the United States Probation Office, defendant's new guideline range is 210 to 262 months after retroactive application of Amendment 706. Imposing a similar reduction of sentence on Count Two from the low end of the new guideline range would result in a sentence of 110 months. However, the statutory mandatory minimum on Count Two is 120 months. While the Government's written motion for downward departure did not specify whether or not the motion was made pursuant to 18 U.S.C. § 3553(e), a review of a rough draft of the sentencing transcript indicates that the prosecutor emphasized that she was requesting a departure that was not below the mandatory minimum. Therefore a departure to 120 months, the mandatory minimum on Count Two, would be appropriate.

(Doc. 143, pp. 1-2). In the show cause order, the Court also noted: "Of course, Count Three was a money laundering conspiracy count, and therefore is unaffected by [the applicable amendments] of the Guidelines. The sentence on that count would remain 138 months." (*Id.*, p. 2 n.1.) Neither the United States nor Turner objected. (*See* Doc. 144; *see also* Doc. 143 ("Unless either party files a written objection on or before **January 12, 2009**, the court will enter an order reducing defendant's term of imprisonment to **120 months** as to Court Two only.").)

5.      The Court granted Turner's motion on January 13, 2009, modifying Turner's Count Two sentence from 138 months to the statutory minimum of 120 months, and leaving undisturbed Turner's Count Three sentence. (Doc. 145.)

6.     On January 26, 2009, Turner filed a Notice of Appeal (Doc. 146), challenging the Court's "failure . . . to similarly reduce the 138 months sentence imposed for Count Three for money laundering to 120 months, which was calculated solely on the base offense level for the underlying offense in Count Two." (*Id.*) On June 3, 2010, the Eleventh Circuit Court of Appeals entered judgment, affirming the district court's decision not to reduce the original sentence as to Count Three. (*See* Doc. 162.)

7.     In the instant motion, Petitioner presents two grounds for relief. First, he—again—challenges the Court's resentencing. (*See* Doc. 163, p. 4.) Second, he contends that the Government breached the plea agreement (Doc. 82). (*See* Doc. 163, pp. 5-6.) The undersigned will address each ground separately below.

## CONCLUSIONS OF LAW

### Ground One: the Court's Alleged Resentencing Error

1.     The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied*, 531 U.S. 971 (2000).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

2.      Subsections (2), (3), and (4) of Section 2255(f) clearly do not apply to Ground One. Therefore, the timeliness of Turner's petition as to this ground must be calculated under § 2255(f)(1) based upon the date on which his conviction became final. Petitioner contends that his motion is timely because he is merely challenging the sentence modification imposed by the district court on January 13, 2009 and affirmed by the court of appeals on June 3, 2010. (*See* Doc. 163, p. 12.) However,

> "[a] sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a *de novo* resentencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). Hence, a § 3582(c) sentence modification, whether granted or denied, does not restart the § 2255(f)(1) limitations period. 18 U.S.C. § 3582(b) (notwithstanding the fact that a sentence may be subject to modification under 3582(c)(2), "a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes"); *United States v. Dixon*, 2009 WL 1559947 at *3 (E.D. Pa. June 3, 2009) ("a motion under § 3582(c)(2) does not affect the finality of a sentence and judgment of conviction . . . . 18 U.S.C. § 3582(b) makes it absolutely clear that the finality of a judgment of conviction and sentence is not affected by the possibility that the sentence might be later modified."); *Gomez v. United States*, 2009 WL 1309338 at *2 (N.D. Tex. May 11, 2009) (order reducing sentence pursuant to § 3582(c)(2) "did not alter the date on which [the] judgment of conviction became final under § 2255(f)(1)"); *cf. Peagler v. United States*, 2009 WL 1383325 at *2 (M.D. Ala. May 15, 2009) (applying same reasoning after grant of a Fed. R. Crim. P. 35 motion).

*United States v. Preyear*, Civil Action No. 10-0280-KD; Criminal Action No. 05-267-KD-N, 2010 WL 4026087, at *1-2 (S.D. Ala. Sep. 22, 2010) (quoting *Johnson v. United States*, Nos. CV409-190; CR406-390, 2010 WL 724096, at *1 (S.D. Ga. Mar. 2, 2010)).

3.      Accordingly, as to Ground One, the applicable date for a Section 2255(f) purposes is July 26, 2006, the date the Court entered judgment against Turner. Because petitioner did not appeal his conviction or sentence, the judgment of conviction became final on August 6, 2006, ten days after it was entered. *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) ("[T]he judgment of conviction became final on February 2, 1998, ten days after it was entered."); *see* FED. R. APP. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."). Therefore, under *Mederos*, Turner had until August 6, 2007 to timely file a collateral attack pursuant to Section 2255—based on the reasons expressed in Ground One. Because petitioner did not file his initial Section 2255 Motion until July 30, 2010 (*see* Doc. 163), almost three years after this particular one-year limitation period expired, the Court cannot reach the merits of petitioner's claims under this theory unless he is entitled to equitable tolling (as discussed below).

<u>Ground Two: Government's alleged breach of the plea agreement</u>

4.      Petitioner titles Ground Two of his motion: "[t]he Government violated the Defendant's due process rights in the § 3582(c)(2) proceeding," and first contends that "the Government breached the plea agreement when it took the position that [he] was not

entitled to a Count Three [reduction], which made the inducement in ¶20 of the agreement illusory and meaningless." (Doc. 163, p. 5.) Amongst other allegations, Petitioner also contends—in his reply (Doc. 168)—that "if the base offense level for the money laundering offense was not affected by the provisions of § 2D1.1, the Government and the court had an obligation to so advise the Defendant at the taking of the plea to make the plea voluntary and intelligibly entered," and "due to the historical context of the plea and its negotiations, it [presumably paragraph 20 of the Plea Agreement] could have only referred to an amendment to the guidelines involving cocaine base." (*Id.*, p. 10.)

5.      In *United States v. Al-Arian*, 514 F.3d 1184 (11th Cir. 2008), a panel of the United States Court of Appeals for the Eleventh Circuit ruled "that a § 2255 motion may be used to enforce promises made in a plea agreement." *Id.* at 1191 (citing *Bemis v. United States*, 30 F.3d 220, 221 (1st Cir. 1994); *Bischel v. United States*, 32 F.3d 259, 264 (7th Cir. 1994)); *see also Perez v. United States*, Nos. 08-81526-Civ-HURLEY; 07-80067-Cr-HURLEY, 2009 WL 2524607, at *6 (S.D. Fla. July 22, 2009) (recognizing same); *Allah v. United States*, Nos. 6:08-cv-1902-Orl-28KRS; 6:07-cr-125-Orl-28KRS, 2010 WL 1541464, at *4 (M.D. Fla. Apr. 16, 2010) (same).[1]

6.      Subsection (4) of Section 2255(f) determines the timeliness of Ground Two of Turner's petition. As such, "the date on which the facts supporting the claim or claims presented [in Petitioner's asserted Ground Two] could have been discovered through the

---

[1]   In all three of those cases, the courts ruled that the alleged breach was refuted by the record. *See Al-Arian*, 514 F.3d at 1191-93; *Perez*, 2009 WL 2524607, at *6; *Allah*, 2010 WL 1541464, at *5-6.

exercise of due diligence," 28 U.S.C. § 2255(f)(4), was December 12, 2008—the date the

Government responded to the Court's show cause order (Doc. 143), stating, "The United

States does not object to the reduction in the defendant's sentence as described in the

order." (Doc. 144.) This is because, as a basis for Ground Two in his motion, Petitioner

alleges that "the Government breached the plea agreement when it took the position that

[he] was not entitled to a Count Three [reduction] (Doc. 168, p. 5), and December 12,

2008 appears to be the first time that the Government took this position.[2] *See Santiago v.*

*United States*, No. 09-C-0971; Criminal No. 04-CR-201, 2010 WL 959975, at *2 (E.D.

Wis. Mar. 12, 2010) ("The time period under § 2255(f)(4) commences ***when the factual***

***predicate for the claim could have been discovered*** through due diligence, not when it

was actually discovered by the prisoner." (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th

Cir. 2000)) (emphasis added); *see also Al-Arian*, 514 F.3d at 1191 (motion timely under §

2255(f)(4) where the basis for alleged breach of plea agreement was that defendant "pled

guilty in reliance on the government's alleged promise never to require his cooperation in

any future capacity" and defendant's "motion was filed within one year of the date on

which he was subpoenaed"); *Morais v. United States*, Nos. 99-CV-0554; 99-2694, 2001

WL 474266, at *2 (N.D.N.Y. Apr. 10, 2001) (alleged breach of plea agreement) ("The

plea agreement upon which Morais relies does not in any way oblige the government to

arrange for his testimony in the State of New Jersey case which he claims was a predicate

---

[2] The undersigned notes that Petitioner was quick to react to what he perceived to be the error by the District Court—to which the Government did not object, in alleged violation of the plea agreement—filing his notice of appeal on January 26, 2009 (Doc. 146), alleging that "[t]he specific error sought to be appealed is the failure of the district court to similarly reduce the 138 month sentence imposed for Count Three for money laundering to 120 months."

for his agreement to plead.  Further, . . . the trial in the New Jersey case was completed in October 1995, and Morais would obviously have known of the alleged government's breach well before the appeal in that case was concluded, allegedly in late 1998. Accordingly, his motion filed on April 12, 1999 is untimely and 28 U.S.C. Section 2255(4) afford him no relief.").

7.      As stated previously, because Petitioner did not file his initial Section 2255 Motion until July 30, 2010 (*see* Doc. 163), more than nineteen months after this particular one-year limitation period expired, the Court cannot reach the merits of petitioner's claims under this theory unless he is entitled to equitable tolling (as discussed below).[3]

---

[3]  Even if Ground Two was timely under § 2255(f)(4), the claim would fail on its merits because the Government did not breach the plea agreement.

As a panel of the United States Court of Appeals for the Eleventh Circuit recently stated, "When a defendant alleges that the government violated his plea agreement, [the reviewing court is] 'only responsible for ensuring the terms of the plea agreement are followed.'" *United States v. Prim*, Nos. 10-11134; 10-11135, 2011 WL 168467, at *1 (11th Cir. Jan. 20, 2011) (per curiam) (quoting *United States v. Johnson*, 132 F.3d 628, 630 (11th Cir. 1998)).

> Overall, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495, 499, 30 L. Ed. 2d 427 (1971).  So, in determining whether the government breached the plea agreement, [the reviewing court] must determine the scope of the government's promises. *Raulerson v. United States*, 901 F.2d 1009, 1011 (11th Cir. 1990).  Whether the government violated the plea agreement "is judged according to the defendant's reasonable understanding [when] he entered his plea." *United States v. Taylor*, 77 F.3d 368, 370 (11th Cir. 1996) (quotation omitted).  Where the agreement is ambiguous, it must be read against the government.  [*United States v.*] *Copeland*, 381 F.3d [1101,] 1105-06 [(11th Cir. 2004)].

*Prim*, 2011 WL 168467, at *1; *see also United States v. Saint-Jean*, 684 F. Supp. 2d 767, 777 (W.D. Va. 2010) ("It is well-established that plea agreements are grounded in contract law, and

Equitable Tolling

8.      As the Supreme Court recently reiterated in *Holland v. Florida*, --- U.S. ---,

130 S. Ct. 2549 (2010), "a petitioner is entitled to equitable tolling only if he shows (1)

that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way."   *Id.* at 2562 (citation and internal quotation marks

omitted).  Specifically, "[i]n the § 2255 context, equitable tolling 'is appropriate when a

movant untimely files because of extraordinary circumstances that are both beyond his

control and unavoidable even with diligence.' . . . 'The "extraordinary circumstances"

standard applied in this circuit focuses on the circumstances surrounding the late filing of

the habeas petition, rather than the circumstances surrounding the underlying conviction.'

. . . The ***petitioner has the burden*** of proving entitlement to equitable tolling by showing

that 'extraordinary circumstances that were both beyond his control and unavoidable

---

that 'each party should receive the benefit of its bargain.'") (quoting *United States v. Peglera*, 33
F.3d 412, 413 (4th Cir. 1994) (internal citation and quotation marks omitted)); *id.* ("A central
tenet of contract law is that no party is obligated to provide more than is specified in the
agreement itself.  Accordingly, the government's duty in carrying out its obligations under a plea
agreement is no greater than that of fidelity to the agreement.  Stated differently, while the
government must be held to the promises it made, it will not be bound to those it did not make.")
(internal citation and quotation marks omitted).

       Paragraph 20 of the plea agreement is unambiguous; it merely gives the "defendant [] the
right to petition the Court for resentencing pursuant to 18 U.S.C. § 3582 in the event of a future
retroactive amendment to the Sentencing Guidelines which would affect the defendant's
sentence."  Petitioner did just that on November 25, 2008. (*See* Doc. 139.)  And the Government
did not object. (*See* Doc. 144.)  This issue does not present a close question because, here, the
Government did nothing that—although not a violation of the plea agreement—could have
arguably hampered the success of Petitioner's rights under the plea agreement. *See, e.g., United
States v. McKnight*, 186 F.3d 867, 869 (8th Cir. 1999) (per curiam) (no breach of plea agreement
where government promised to make substantial-assistance downward-departure motion, and did
so, but disclosed to district court information regarding defendant's conduct which led court to
deny motion).

even with diligence' prevented filing the petition on time." *Jones v. United States*, 304

F.3d 1035, 1039-1040 (11th Cir. 2002) (emphasis in original), *cert. denied*, 538 U.S. 947

(2003); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("We

have held that equitable tolling is appropriate when a prisoner's § 2255 petition is

untimely because of extraordinary circumstances that are both beyond his control and

unavoidable even with diligence. . . . We have emphasized, however, that equitable

tolling applies only in truly extraordinary circumstances. . . . Appellant bears the burden

of establishing that he is entitled to this extraordinary relief."), *aff'd*, 544 U.S. 295

(2005); *see Diaz v. Sec'y for the Dep't of Corrections*, 362 F.3d 698, 700-701 (11th Cir.

2004) ("Equitable tolling is to be applied when '"extraordinary circumstances" have

worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . .

Thus, the petitioner must show both extraordinary circumstances and due diligence in

order to be entitled to equitable tolling."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir.

2000) ("Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it

permits equitable tolling 'when a movant untimely files because of extraordinary

circumstances that are both beyond his control and unavoidable even with diligence .'").

9.      In this case, petitioner has not raised a tolling argument, and thus has not

established that the instant habeas corpus petition was timely filed, nor has he established

that extraordinary circumstances and due diligence counsel equitable tolling of the

limitations period. *Johnson*, 340 F.3d at 1226; *Jones*, 304 F.3d at 1040; *see Johnson v.

Fla. Dep't of Corrections*, 513 F.3d 1328, 1333 (11th Cir.) ("Johnson bears the burden of

establishing equitable tolling."), *cert. denied sub nom. Johnson v. McNeil*, --- U.S. ----,

129 S.Ct. 348 (2008); *Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'") (quoting *Wade v. Battle*, 379 F.3d 1254, 1265 (11th Cir. 2004)). Accordingly, in the undersigned's opinion this is not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period. *Johnson*, 340 F.3d at 1226; *see also Melson v. Allen*, 548 F.3d 993, 1001 (11th Cir. 2008) ("We have emphasized that '[e]quitable tolling is an extraordinary remedy that must be applied sparingly' for '[a] truly extreme case.'"), *cert. denied*, --- U.S. ----, 130 S. Ct. 254 (2009).

Certificate of Appealability

10.     Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). When, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right

and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further.""'"). Inasmuch as a district court can raise *sua sponte* the AEDPA statute of limitations, *see Jackson v. Sec'y for the Dep't of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002), a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Turner should be allowed to proceed further. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

11.     Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g., Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for the same procedure).

## CONCLUSION

The Magistrate Judge recommends that the instant petition (Doc. 163) be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 16th day of February, 2011.

s/ WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[4]  Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED. R. CIV. P. 72(b)(2).